**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ELSEVIER LTD., ) | |
| and ) | |
| JOHN WILEY & SONS, INC., ) | **11 CA 10026 RGS** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| WHOIS PRIVACY PROTECTION ) | |
| SERVICE, INC., ) | |
| CHITIKA, INC., and ) | |
| CLICKSOR.COM, INC. ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs hereby move that the Court enter an order temporarily restraining defendant Whois Privacy Protection Service, Inc. ("WPPS") from assigning to any third party ownership or control of the domain name www.pharmatext.org. The website at that address is at the heart of this action. This order is sought solely to preserve the status quo and the Court's power to grant ultimate relief in this case.

The relief sought in this motion is a subset of that sought in Plaintiffs' Motion for Preliminary Injunction filed herewith, and the grounds for this motion are more fully set forth in plaintiffs' preliminary injunction motion papers. In brief, however:

1.     WPPS is the legal owner of the Internet domain name, www.pharmatext.org.

2.     WPPS is a service that takes legal title to domain names in order, *inter alia*, to preserve the anonymity of the persons who actually operate the websites

1

identified by those domain names. Affidavit of William S. Strong ("Strong Aff."), ¶¶ 8-9.

3.      WPPS offers a standard contract to customers for its service. Strong Aff., ¶9. WPPS presumably owns the domain name www.pharmatext.org domain name by virtue of such a contract. Strong Aff., ¶10.

4.      The website at www.pharmatext.org ("Pharmatext") is a site devoted to flagrant infringement of copyrights, including but not limited to copyrights owned by the plaintiffs in this action. *See generally* the Affidavits of David J. Burke, Roy S. Kaufman, and Mark L. Seeley.

5.      Plaintiffs seek ultimate injunctive relief that includes, without limitation, an order requiring Pharmatext to be shut down.

6.      WPPS's standard contract permits it to revert ownership of a domain name to its customer if threatened with legal action arising out of the domain name. Strong Aff., ¶9, fn. 6.

7.      If WPPS were to take such action upon learning of the filing of this action, and if its customer is beyond the jurisdiction of this Court, that customer will be able to re-register the domain with a registrar that is also outside the jurisdiction of this Court, with the result that it will become impossible to shut Pharmatext down.

8.      Thus, temporary and preliminary relief, preventing such action, are necessary in order simply to preserve the Court's power to grant the substantive relief sought in this case. See *Crowley et al v. Furniture & Piano Moving et al*, 679 F.2d 978, 995 (1st Cir. 1982), *rev'd on other grounds,* 467 U.S. 526 (1984) ("The traditional function of the preliminary injunction is to preserve the status quo … so that the court

may retain its ability to render a meaningful decision on the merits"); *CMM Cable Rep. v. Ocean Coast Properties*, 48 F.3d 618, 620 (1st Cir. 1995).

9.     WPPS will suffer no injury from maintenance of the status quo. The proposed order does not require it to take any action, incur any expense, or suffer any loss. The potential loss to plaintiffs if the order is denied, however, is very serious.

A proposed form of Order is attached hereto as Exhibit A.

ELSEVIER LTD.,
JOHN WILEY & SONS, INC.,
Plaintiffs,

By their attorneys,

Dated: January ___, 2011

William S. Strong, Esq., BBO #483520
Amy C. Mainelli Burke, Esq., BBO#657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)