```
 1                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 2

 3

 4    ELSEVIER, LTD.,                     )
                                          )
 5                    Plaintiff,          )
                                          )
 6                                        )  No. 1:11-cv-10026-RGS
      vs.                                 )
 7                                        )
                                          )
 8    WHOIS PRIVACY PROTECTION            )
      SERVICE, INC., ET AL.,              )
 9                                        )
                      Defendants.         )
10

11
      BEFORE:  THE HONORABLE DOUGLAS P. WOODLOCK
12

13
             HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER
14

15

16
            John Joseph Moakley United States Courthouse
17                       Courtroom No. 1
                        One Courthouse Way
18                      Boston, MA 02210
                        January 6, 2011
19                         5:10 p.m.

20

21

22              Brenda K. Hancock, RMR, CRR
                     Official Court Reporter
23       John Joseph Moakley United States Courthouse
                      One Courthouse Way
24                    Boston, MA 02210
                       (617)439-3214
25
```

```
 1    APPEARANCES:

 2         KOTIN, CRABTREE & STRONG, LLP
           By:  William S. Strong, Esq.
 3         One Bowdoin Square
           Bosont, MA 02114
 4         On behalf of the Plaintiff.

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1        (The following proceedings were held in open court
2    before the Honorable Douglas P. Woodlock, United States
3    District Judge, United States District Court, District of
4    Massachusetts, at the John J. Moakley United States Courthouse,
5    One Courthouse Way, Courtroom 1, Boston, Massachusetts, on
6    Thursday, January 6, 2011):
7            THE CLERK:  All rise.
8        (The Honorable Court entered the courtroom at 5:10 p.m.)
9            THE CLERK:  This Honorable Court is now in session.
10   You may be seated.
11           This is the matter of <u>Elsevier, Ltd., versus Whois
12   Privacy Protection Services, Inc., et al.</u>, Civil Action
13   11-10026.
14           Will counsel please identify himself for the record.
15           MR. STRONG:  Yes.  Good afternoon, your Honor.  My
16   name is William Strong with the firm of Kotin, Crabtree &
17   Strong in Boston.  I appear for the plaintiffs.
18           THE COURT:  Well, as I understand it, you have not
19   been able to reach the defendants here.
20           MR. STRONG:  That's correct, your Honor.  I attempted
21   to reach them by phone when I was advised you wanted them to
22   receive notice of this, and they have no listed phone number.
23           The only thing we have, the only contact information
24   we have for them besides their legal address is an e-mail
25   address of the parent corporation, and I had my office send an

```
 1    e-mail to that e-mail address saying that this was happening
 2    and giving them my cell phone, and they haven't called us yet.
 3            THE COURT:  What makes you think we will be able to
 4    get service on them, anyway, then?
 5            MR. STRONG:  Well, they do have a legal address, and
 6    so we will be able to serve them, I would think, in the normal
 7    course of events.
 8            THE COURT:  Well, I would like to set this down for a
 9    hearing for preliminary injunction, and I will do it on a
10    somewhat expedited basis, that is, next Friday.  The question
11    is the immediacy of the irreparable harm now, so that I
12    understand.  Because my general disposition is not to grant *ex
13    parte* motions, particularly ones for parties who may never
14    receive the order itself.
15            So, maybe you can address that more specifically.
16            MR. STRONG:  Absolutely.  The order is very narrow.
17    All we are trying to do on this emergency basis is prevent
18    Whois Privacy Protection Services from transferring the domain
19    name to its customer.
20            Basically this suit involves a pirate website which is
21    used for downloading whole copies of books published by my
22    clients, and ultimately we want to shut this website down.  If
23    the Court ultimately gives us an order shutting it down or
24    disabling it on a temporary basis, at least, that order will
25    only be worthwhile if the domain name is still owned by
```

```
 1    somebody that is subject to this Court's jurisdiction.  And we
 2    have no idea who the customer is, because the whole purpose of
 3    this Whois Privacy Protection Service is to own legal title to
 4    the domain name so that you can't find out who is behind them.
 5            THE COURT:  Well, just as a practical matter, how is
 6    that -- I am thinking purely in a practical matter -- how is
 7    this going to be focused for the defendant?  Are you going to
 8    serve the Secretary of State?  Is that what you are planning on
 9    doing?  I just want to understand this.
10            Sometimes when you have the facility for selling,
11    transferring domain names some sort of order can be addressed
12    to them.  I just do not know how this is going to work, is what
13    I guess I am getting at.
14            MR. STRONG:  In terms of serving notice on the
15    defendants -- if that is the immediate question --
16            THE COURT:  Yes.
17            MR. STRONG:  -- we have a legal address for them.  In
18    fact, I am sending a copy of the Complaint and all these papers
19    to them by express mail tonight, so they should have it at
20    their legal address tomorrow.
21            THE COURT:  When you say "legal address," where is
22    that?
23            MR. STRONG:  It's in Bellevue, Washington.  It's in
24    the Complaint.  But, anyway, it's in Bellevue, Washington.
25            THE COURT:  And they also are registered to do
```

```
 1   business in the Commonwealth or not?
 2           MR. STRONG:  I doubt that they are.  I haven't
 3   actually looked.  I would be surprised if they were.
 4           THE COURT:  So, let me then address the question of
 5   their personal jurisdiction here.  Is it simply that if someone
 6   gets on the internet in the Commonwealth they can access this?
 7           MR. STRONG:  This company is a subsidiary of one of
 8   the largest domain-name registrars in the country, or the
 9   world, really, so they do business all the time with people
10   here in Massachusetts.  I am pretty confident that, if they try
11   to challenge jurisdiction, you will find that you have it.
12           THE COURT:  Well, I think that I will issue the
13   Temporary Restraining Order.  It seems to me that there has
14   been made out a likelihood of success, and that there is
15   immediate and irreparable harm that will be suffered on the
16   plaintiffs, even for the short period of time if the order does
17   not issue here, to move it along.
18           MR. STRONG:  Thank you, your Honor.
19           THE COURT:  And the harm to the defendants seems to me
20   to be of modest dimension, particularly if we set this down for
21   hearing relatively promptly.  I am trying to pull out the form
22   of order now.
23           MR. STRONG:  I have a copy here.
24           THE COURT:  Why don't you pass it up, because I have
25   been a little bit busy this afternoon.  I am sorry.  I do find
```

1   that I have it here.
2           MR. STRONG:  Oh, okay.
3           I see I have a missed call.  Hang on a second.  Do you
4   mind if I call?
5           THE COURT:  You can call from right there.  Nobody is
6   here but us chickens.
7                       (Pause)
8           THE COURT:  I assume it's not related to this case.
9           MR. STRONG:  It was, but it was a logistical question
10  that need not bother us here.
11          THE COURT:  All right.  Well, I am going to enter the
12  proposed Temporary Restraining Order, which I am going to sign
13  now.
14          I do not know about the availability of Judge Stearns.
15  I am dealing with this on an emergency basis here.
16          MR. STRONG:  Yes, I understand that.
17          THE COURT:  But did you have any conversation at all
18  with Ms. Seelye about just timing, hearings and so on?
19          MR. STRONG:  Oh, no.  I did not discuss timing with
20  her, no.
21          THE COURT:  I am going to issue the order, and then I
22  am going to leave it to you and Ms. Seelye to set up a schedule
23  for this, but it has got to be done within ten days because of
24  the limitation under Rule 65 having to do with Temporary
25  Restraining Orders.

```
 1               MR. STRONG:  So, I should just call her directly?
 2               THE COURT:  Yes.
 3               MR. STRONG:  I will do that tomorrow.
 4               THE COURT:  And you can obviously serve the defendants
 5     here as you see fit.  I am changing paragraph 2, the effect
 6     date.
 7               MR. STRONG:  Oh, yes.
 8               THE COURT:  But, in any event, no later than --
 9     because it would run out on the weekend, I am going to make it
10     the 14th, no later than January 14.
11               MR. STRONG:  Which is the Friday; is that correct?
12               THE COURT:  Yes --
13               MR. STRONG:  Thank you.
14               THE COURT:  -- at 5:00 p.m., unless further extended.
15               MR. STRONG:  Okay.  Thank you.
16               THE COURT:  Because I think there is one further
17     extension that might be provided.  All right?
18               MR. STRONG:  Thank you very much, your Honor.
19               THE COURT:  Thank you.
20               MR. STRONG:  I appreciate it.
21               THE COURT:  I am sorry to have kept you, but we had a
22     busy calendar.
23               MR. STRONG:  Well, it looks as though you had a full
24     afternoon.
25               THE COURT:  Yes, I am afraid so.
```

1              Let me pass this back.
2              THE CLERK:  All rise.
3     (The Honorable Court exited the courtroom at 5:20 p.m.)
4     (WHEREUPON, the proceedings adjourned at 5:20 p.m.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

1

2

3

4        I, Brenda K. Hancock, RMR, CRR and Official Reporter

5   of the United States District Court, do hereby certify that the

6   foregoing transcript constitutes, to the best of my skill and

7   ability, a true and accurate transcription of my stenotype

8   notes taken in the matter of *Elsevier, Ltd. v. Whois Privacy*

9   *Protection Service, Inc., et al.*, No. 1:11-cv-10026-RGS.

14  Date:February 11, 2011         /s/ *Brenda K. Hancock*

15                                 Brenda K. Hancock, RMR, CRR

16                                 Official Court Reporter