UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELSEVIER LTD., and JOHN WILEY & SONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WHOIS PRIVACY PROTECTION SERVICE, INC., CHITIKA, INC., CLICKSOR.COM, INC., and KAPIL DEV SAGGI, <br><br> Defendants. | Civil Action No. 11-CV-10026-RGS |

## **FIRST AMENDED COMPLAINT**

This is an action for infringement of copyrights belonging to plaintiffs, in violation of Title 17 of the U.S. Code. Plaintiffs complain of defendants as follows:

### **Parties**

1. Plaintiff Elsevier Ltd., ("Elsevier") is a business corporation organized and existing under the laws of England, and having a place of business at 32 Jamestown Road, Camden, London NW1 7BY30, United Kingdom. It is engaged in the business of publishing scholarly books and journals in numerous scientific fields, including but not limited to the work specifically identified in this action.

2. Plaintiff John Wiley & Sons, Inc. ("Wiley") is a business corporation organized and existing under the laws of New York and having its principal place of business at 111 River Street, Hoboken, New Jersey 07030. It and its subsidiaries are

1

engaged in the business of publishing books and journals in medicine and other fields, including but not limited to the work specifically identified in this action.

3. Defendant Whois Privacy Protection Service, Inc. ("WPPS") is a business corporation organized under the laws of Nevada and having a principal place of business at 15801 NE 24th St., Bellevue, Washington. It is the owner of the website at issue in this case, www.pharmatext.com.

4. Defendant Chitika, Inc. ("Chitika") is a business corporation organized under the laws of Delaware but headquartered in Massachusetts. According to plaintiffs' information and belief its principal place of business is 1800 West Park Drive, Westborough, MA 01581. Its business, according to plaintiffs' information and belief, is the placement of advertisements on internet web sites.

5. Defendant Clicksor.com, Inc. ("Clicksor") is, according to plaintiffs' information and belief, a corporation organized under the laws of Ontario, Canada, having a place of business at 565 Gordon Baker Road North York, Ontario M2H 2W2, Canada.

6. Defendant Kapil Dev Saggi ("Saggi") is, according to plaintiffs' information and belief, a citizen of India having a residential address at 454 Panchkula, Haryana 134109, India.

### Jurisdiction and Venue

7. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §1338(a).

8. This Court has personal jurisdiction over defendants WPPS, Clicksor, and Saggi because they are engaged in the general conduct of business in this District, and

because the specific acts of infringement alleged herein took place in this District. The Court has personal jurisdiction over defendant Chitika because it is located in this District.

9. Venue is appropriate in this Court under 28 U.S.C. §1400(a).

**Facts**

10. Plaintiff Elsevier publishes books and journals in a wide variety of scientific disciplines. Among its books is *Development and Validation of Analytical Methods*, edited by Christopher M. Riley and Thomas W. Rosanske. Copyright in such book is registered in the name Elsevier Science, Ltd. (the former name of Elsevier) in the United States Copyright Office and bears the registration number TX0004381645.

11. Plaintiff Wiley publishes books in a wide variety of disciplines including physical and chemical sciences. Among these is *Wiley Guide to Chemical Incompatibilities*, edited by Richard Pohanish and Stanley A. Greene. Copyright in the 2nd Edition of this book – the relevant edition to this Action – is registered in Wiley's name in the United States Copyright Office and bears the registration number TX0005753695.

12. The books identified above are sometimes collectively referred to in this Complaint as "Plaintiffs' Books."

13. Defendant WPPS is a subsidiary of a Delaware corporation named Demand Media, Inc. ("Demand Media"). Demand Media is one of a number of commercial companies that acts as a registrar of domain names on the Internet. It conducts its registrar business under the trade name "eNom."

14. Domain name registrars are obliged to make public certain information, called "Whois Information," with regard to domain names they register. Some of this information is technical but Whois Information also includes the name and address of the registered owner of the name, and a contact person for the owner. Thus, if a person or company obtains a domain name registration it will be identified in the Whois Information associated with the registration.

15. However, certain people who conduct business over the Internet do not wish to be publicly identified with their domain names. In some cases this desire for anonymity may spring from concern for privacy, but in other cases – as in the present case – anonymity is intended to hide the identity of persons engaged in unlawful conduct.

16. To customers who wish to remain anonymous in their conduct of Internet business, Demand Media offers a service called "ID Protect." Pursuant to this service, which is offered on Demand Media's website at http://www.enom.com/privacy-protection/default.aspx, defendant WPPS will be listed as the owner of any domain name registration if the operators of the web site in question wish to conceal their identity.

17. Presumably through such an arrangement with the operators of the website www.pharmatext.org, WPPS is the listed owner of that domain name. See Exhibit A hereto.

18. Since the filing of the initial Complaint in this action, plaintiffs have been informed by WPPS that its customer, the operator of the website www.pharmatext.org ("Pharmatext"), is defendant Saggi.

19. Until Pharmatext was shut down *pendente lite* by order of this Court after the filing of the initial Complaint in this action, it operated primarily or exclusively to

4

facilitate the unauthorized reproduction and distribution of copyrighted works having to do with pharmaceuticals, medicine, and related disciplines.

20. A visitor to Pharmatext's home page would be greeted with a large banner saying "**Pharmatext.org.  Free Pharma E-Books**." Below this were pictures of the front covers of various books available through Pharmatext, and various ways of finding links to these and other "free" books. Among the methods available for linking to "free" books was a box in which one could enter a title and conduct a search for that title. See Exhibit B hereto.

21. If a book was available through Pharmatext, a picture of its front cover appeared on the screen along with a hypertext link called "Download." If one clicked on "Download," one would be linked through to a page through which it was possible to download the entire text of the book at no cost.

22. Fearing that books published by them were available in this manner from Pharmatext, plaintiffs asked a resident of Massachusetts to see if in fact any of their titles could be downloaded for free   On or about August 1, 2010, this individual succeeded in downloading entire copies of Plaintiffs' books to his computer, without having to pay anything for them.

23. Plaintiffs at no time authorized anyone to store these books online or to deliver copies of these books as downloads to Pharmatext users. Plaintiffs' Books are expensive treatises and plaintiffs lose substantial sales income if they are reproduced and delivered without permission.

24. Visitors to Pharmatext were greeted with heavy third-party advertising. Since nothing was paid by Pharmatext users for infringing copies, advertising appeared to be

5

Pharmatext's only source of income, with the possible exception of "donations" which were solicited on the site.

25. According to plaintiffs' information and belief, many of these third-party ads were placed on the Pharmatext site by defendants Chitika and Clicksor. Chitika holds itself out to the public as "a proven channel for targeting on-line consumers and qualified buyers." (See http://chitika.com/blog/about-us.) Clicksor promises website owners to deliver "the most targeted and relevant online advertisements" for their sites (see http://www.clicksor.com/publishers-solution) and promises advertisers that "the right ads are delivered to the right audience at the right time" (see http://www.clicksor.com/contextual-advertising-network.) In effect, Chitika and Clicksor are placing ads on the Pharmatext site because they believe that Pharmatext users – in other words, people seeking to obtain pirated copies of copyrighted books – are a target audience for particular advertisers.

26. Defendants Chitika and Clicksor received from advertisers all payments due for advertising on Pharmatext, and paid over to Pharmatext a share of those payments.

## Claims

27. Based on the facts described above, plaintiffs allege two counts of copyright infringement of Plaintiffs' Books, Count I being for *Development and Validation of Analytical Methods* and Count II for *Wiley Guide to Chemical Incompatibilities*. Plaintiffs' claims of infringement are identical with respect to each.

28. The unauthorized delivery of copies of Plaintiffs' Books constitutes willful infringement of plaintiffs' copyrights.

29. The unauthorized display of copies of the covers of Plaintiffs' Books constitutes willful infringement of plaintiffs' copyrights.

30. Plaintiffs are informed and believe that many more titles belonging to them were at one time or another available in manner described above, and repeatedly and routinely delivered for free to users of Pharmatext.

31. Defendant Saggi is directly liable for the infringement carried out via Pharmatext.

32. Defendant WPPS is vicariously liable for the infringement carried out via Pharmatext because it controls the domain name www.pharmatext.org and received a direct financial benefit from doing so.

33. By placing ads on the Pharmatext site in the manner described above, Chitika directly profited from the infringement carried out through Pharmatext. Furthermore, it enabled Pharmatext to stay in the infringement business by supplying it with income. Chitika is thus liable for contributory infringement of Plaintiffs' Books.

34. By placing ads on the Pharmatext site in the manner described above, Clicksor directly profited from the infringement carried out through Pharmatext. Furthermore, it enabled Pharmatext to stay in the infringement business by supplying it with income. Clicksor is thus liable for contributory infringement of Plaintiffs' Books.

35. Plaintiffs have suffered substantial monetary harm from the infringement described herein. They will continue to suffer monetary harm if such infringement is permitted to resume. In addition, if Pharmatext's infringement resumes plaintiffs will suffer irreparable ongoing injury from, *inter alia*, loss of control of the dissemination of their copyrighted works.

## Prayers for Relief

ON THE BASIS OF THE FOREGOING, plaintiffs pray that this Honorable Court:

A. Issue an order making permanent, to the extent still relevant, the relief granted in response to Plaintiffs' Motion for Preliminary Injunction filed herewith;

B. Issue an order requiring defendant WPPS, and defendant Saggi to the extent of any interest he may have therein, to assign to plaintiffs legal title to the Pharmatext domain name;

C. Order defendants Chitika and Clicksor to pay plaintiffs their direct and consequential damages arising from defendants' contributory and vicarious infringement of copyright;

D. Order defendant Saggi to pay plaintiffs their direct and consequential damages arising from defendant Saggi's infringement of copyright;

E. Award plaintiffs an accounting of the profits earned by defendants Chitika and Clicksor from their contributory infringement of plaintiffs' copyrights;

F. Award plaintiffs an accounting of the profits earned by defendant Saggi from his infringement of plaintiffs' copyrights;

G. In the alternative, order defendants Chitika, Clicksor and Saggi to pay plaintiffs statutory damages for the infringement of their copyrights in the maximum amount permitted by law;

H. Award plaintiffs their reasonable attorneys' fees, costs of suit and interest; and

I. Award plaintiffs such other and further relief as the Court deems just and proper.

ELSEVIER LTD.,
and
JOHN WILEY & SONS, INC.,
Plaintiffs,

By their attorney,

Dated: March 16, 2011

/s/ William S. Strong
William S. Strong, Esq., BBO #483520
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

**CERTIFICATE OF SERVICE**

I, William S. Strong, hereby certify that this document filed through the ECF system is being sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy is being deposited in first class mail addressed to defendant Clicksor.com, Inc., on this date, March 16, 2011.

/s/ William S. Strong
William S. Strong