**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____ )
ELSEVIER LTD.,                                          )
     and                                                      )
JOHN WILEY & SONS, INC.,                       )
                                  )
     Plaintiffs,                                          )
                                  )
     v.                                                         )          Civil Action No. No. 11-CV-10026-RGS
                                  )
WHOIS PRIVACY PROTECTION                    )
SERVICE, INC., CHITIKA, INC.,                  )
CLICKSOR.COM, INC., and                          )
KAPIL DEV SAGGI,                                       )
                                  )
     Defendants.                                          )
_____ )

**ANSWER OF DEFENDANT CHITIKA, INC.**

Defendant Chitika, Inc. ("Chitika") hereby answers the First Amended Complaint (the "Complaint") of Plaintiffs Elsevier Ltd. ("Elsevier") and John Wiley & Sons, Inc. ("Wiley") (Elsevier and Wiley are referred to collectively as "Plaintiffs").

**INTRODUCTION**

The introductory paragraph to the Complaint contains a broad summary and characterization of Plaintiffs' factual allegations and legal conclusions, to which no response is required. To the extent any response is required, Chitika denies the allegations contained in the Complaint's introductory paragraphs.

**PARTIES**

**Paragraph No. 1 of Complaint:** Plaintiff Elsevier Ltd., ("Elsevier") is a business corporation organized and existing under the laws of England, and having a place of business at 32 Jamestown Road, Camden, London NW1 7BY30, United Kingdom. It is engaged in the

business of publishing scholarly books and journals in numerous scientific fields, including but not limited to the work specifically identified in this action.

**Answer to Paragraph No. 1:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies them.

**Paragraph No. 2 of Complaint:**  Plaintiff John Wiley & Sons, Inc. ("Wiley") is a business corporation organized and existing under the laws of New York and having its principal place of business at 111 River Street, Hoboken, New Jersey 07030.  It and its subsidiaries are engaged in the business of publishing books and journals in medicine and other fields, including but not limited to the work specifically identified in this action.

**Answer to Paragraph No. 2:** Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies them.

**Paragraph No. 3 of Complaint:**  Defendant Whois Privacy Protection Service, Inc. ("WPPS") is a business corporation organized under the laws of Nevada and having a principal place of business at 15801 NE 24th St., Bellevue, Washington.  It is the owner of the website at issue in this case, www.pharmatext.com.

**Answer to Paragraph No. 3:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore denies them.

**Paragraph No. 4 of Complaint:**  Defendant Chitika, Inc. ("Chitika") is a business corporation organized under the laws of Delaware but headquartered in Massachusetts. According to plaintiffs' information and belief its principal place of business is 1800 West Park

Drive , Westborough, MA 01581.  Its business, according to plaintiffs' information and belief, is the placement of advertisements on internet web sites.

**Answer to Paragraph No. 4:**  Chitika admits that it is a corporation organized under the laws of Delaware, and that it has a principal place of business at 1800 West Park Drive, Westborough, MA 01581.  Further answering, Chitika states that it is a data analytics company in the business of on-line advertising; specifically, advertisers hire Chitika to place advertisements on websites that are owned and operated by third parties, who are referred to as "publishers," and Chitika pays those publishers to present advertisements on their sites.  Chitika denies the remaining allegations in paragraph 4 of the Complaint.

**Paragraph No. 5 of Complaint:**  Defendant Clicksor.com, Inc. ("Clicksor") is, according to plaintiffs' information and belief, a corporation organized under the laws of Ontario, Canada, having a place of business at 565 Gordon Baker Road North York, Ontario M2H 2W2, Canada.

**Answer to Paragraph No. 5:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies them.

**Paragraph No. 6 of Complaint**:  Defendant Kapil Dev Saggi ("Saggi") is, according to plaintiffs' information and belief, a citizen of India having a residential address at 454 Panchkula, Haryana 134109, India.

**Answer to Paragraph No. 6:**  Chitika admits that it has received information concerning Defendant Saggi's residential address, which information is consistent with the allegations contained in paragraph 6 of the Complaint.  Chitika otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

**Paragraph No. 7 of Complaint:**  This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §1338(a).

**Answer to Paragraph No. 7:**  Paragraph 7 of the Complaint states legal conclusions to which no response is required.  To the extent any response is required, Chitika admits that 28 USC § 1338(a) confers subject matter on this Court to the extent that the Complaint purports to allege claims arising under copyright law, but Chitika denies that the Complaint states any cognizable claims against Chitika.

**Paragraph No. 8 of Complaint:**  This Court has personal jurisdiction over defendants WPPS, Clicksor, and Saggi because they are engaged in the general conduct of business in this District, and because the specific acts of infringement alleged herein took place in this District. The Court has personal jurisdiction over defendant Chitika because it is located in this District.

**Answer to Paragraph No. 8:**  Paragraph 8 of the Complaint states legal conclusions to which no response is required.  To the extent any facts are alleged, Chitika admits that it maintains a place of business in the District of Massachusetts, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies them.

**Paragraph No. 9 of Complaint:**  Venue is appropriate in this Court under 28 U.S.C. §1400(a).

**Answer to Paragraph No. 9:**  Paragraph 9 of the Complaint states legal conclusions to which no response is required.  To the extent paragraph 9 purports to allege any facts, Chitika

admits that it maintains a place of business in the District of Massachusetts, but otherwise lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 9 of the Complaint and therefore denies them.

## BACKGROUND

**Paragraph No. 10 of Complaint:**  Plaintiff Elsevier publishes books and journals in a

wide variety of scientific disciplines.  Among its books is *Development and Validation of*

*Analytical Methods*, edited by Christopher M. Riley and Thomas W. Rosanske.  Copyright in

such book is registered in the name Elsevier Science, Ltd. (the former name of Elsevier) in the

United States Copyright Office and bears the registration number TX0004381645.

**Answer to Paragraph No. 10:**  Chitika lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and

therefore denies them.

**Paragraph No. 11 of Complaint:**  Plaintiff Wiley publishes books in a wide variety of

disciplines including physical and chemical sciences.  Among these is *Wiley Guide to Chemical*

*Incompatibilities*, edited by Richard Pohanish and Stanley A. Greene.  Copyright in the 2nd

Edition of this book – the relevant edition to this Action – is registered in Wiley's name in the

United States Copyright Office and bears the registration number TX0005753695.

**Answer to Paragraph No. 11:**  Chitika lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and

therefore denies them.

**Paragraph No. 12 of Complaint:**  The books identified above are sometimes

collectively referred to in this Complaint as "Plaintiffs' Books."

**Answer to Paragraph No. 12:**  Paragraph 12 does not allege facts but simply sets forth a defined term by which the Complaint refers to the allegations in Paragraphs 10 and 11; as such no response is required. To the extent paragraph 12 purports to allege facts, Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies them.

**Paragraph No. 13 of Complaint:**  Defendant WPPS is a subsidiary of a Delaware corporation named Demand Media, Inc. ("Demand Media").  Demand Media is one of a number of commercial companies that acts as a registrar of domain names on the Internet.  It conducts its registrar business under the trade name "eNom."

**Answer to Paragraph No. 13:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies them.

**Paragraph No. 14 of Complaint:**  Domain name registrars are obliged to make public certain information, called "Whois Information," with regard to domain names they register. Some of this information is technical but Whois Information also includes the name and address of the registered owner of the name, and a contact person for the owner.  Thus, if a person or company obtains a domain name registration it will be identified in the Whois Information associated with the registration.

**Answer to Paragraph No. 14:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies them.

**Paragraph No. 15 of Complaint:**  However, certain people who conduct business over the Internet do not wish to be publicly identified with their domain names.  In some cases this

desire for anonymity may spring from concern for privacy, but in other cases – as in the present case – anonymity is intended to hide the identity of persons engaged in unlawful conduct.

**Answer to Paragraph No. 15:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies them.

**Paragraph No. 16 of Complaint:**  To customers who wish to remain anonymous in their conduct of Internet business, Demand Media offers a service called "ID Protect."  Pursuant to this service, which is offered on Demand Media's website at http://www.enom.com/privacy-protection/default.aspx, defendant WPPS will be listed as the owner of any domain name registration if the operators of the web site in question wish to conceal their identity.

**Answer to Paragraph No. 16:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies them.

**Paragraph No. 17 of Complaint:**  Presumably through such an arrangement with the operators of the website www.pharmatext.org, WPPS is the listed owner of that domain name. See Exhibit A hereto.

**Answer to Paragraph No. 17:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies them.

**Paragraph No. 18 of Complaint:**  Since the filing of the initial Complaint in this action, plaintiffs have been informed by WPPS that its customer, the operator of the website www.pharmatext.org ("Pharmatext"), is defendant Saggi.

**Answer to Paragraph No. 18**:  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them.

**Paragraph No. 19 of Complaint**:  Until Pharmatext was shut down *pendente lite* by order of this Court after the filing of the initial Complaint in this action, it operated primarily or exclusively to facilitate the unauthorized reproduction and distribution of copyrighted works having to do with pharmaceuticals, medicine, and related disciplines.

**Answer to Paragraph No. 19**:  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies them.  Further answering, Chitika states that the information and affidavits submitted to this Court by the Plaintiffs establish that the Pharmatext site contained only hypertext links to another website, operated not by Pharmatext but by some unknown person, from where the allegedly infringing copies were stored and distributed.

**Paragraph No. 20 of Complaint**:  A visitor to Pharmatext's home page would be greeted with a large banner saying "**Pharmatext.org.  Free Pharma E-Books**."  Below this were pictures of the front covers of various books available through Pharmatext, and various ways of finding links to these and other "free" books.  Among the methods available for linking to "free" books was a box in which one could enter a title and conduct a search for that title.  See Exhibit B hereto.

**Answer to Paragraph No. 20**:  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies them.  Further answering, Chitika states that these allegations and the information and affidavits submitted to this Court by the Plaintiffs establish that the Pharmatext

site contained only hypertext links to another website, operated not by Pharmatext but by some
unknown person, from where the allegedly infringing copies were stored and distributed.

**Paragraph No. 21 of Complaint**:  If a book was available through Pharmatext, a picture
of its front cover appeared on the screen along with a hypertext link called "Download."  If one
clicked on "Download," one would be linked through to a page through which it was possible to
download the entire text of the book at no cost.

**Answer to Paragraph No. 21**:  Chitika lacks knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and
therefore denies them.  Further answering, Chitika states that these allegations and the
information and affidavits submitted to this Court by the Plaintiffs establish that the Pharmatext
site contained only hypertext links to another website, operated not by Pharmatext but by some
unknown person, from where the allegedly infringing copies were stored and distributed.

**Paragraph No. 22 of Complaint**:  Fearing that books published by them were available
in this manner from Pharmatext, plaintiffs asked a resident of Massachusetts to see if in fact any
of their titles could be downloaded for free   On or about August 1, 2010, this individual
succeeded in downloading entire copies of Plaintiffs' books to his computer, without having to
pay anything for them.

**Answer to Paragraph No. 22**:  Chitika lacks knowledge or information sufficient to
form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and
therefore denies them.

**Paragraph No. 23 of Complaint**:  Plaintiffs at no time authorized anyone to store these
books online or to deliver copies of these books as downloads to Pharmatext users.  Plaintiffs'

Books are expensive treatises and plaintiffs lose substantial sales income if they are reproduced and delivered without permission.

**Answer to Paragraph No. 23**:  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies them.  Further answering, Chitika states that the information and affidavits submitted to this Court by the Plaintiffs establish that the Pharmatext site contained only hypertext links to another website, operated not by Pharmatext but by some unknown person, from where the allegedly infringing copies were stored and distributed.

**Paragraph No. 24 of Complaint**:  Visitors to Pharmatext were greeted with heavy third-party advertising.  Since nothing was paid by Pharmatext users for infringing copies, advertising appeared to be Pharmatext's only source of income, with the possible exception of "donations" which were solicited on the site.

**Answer to Paragraph No. 24**:  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies them.

**Paragraph No. 25 of Complaint**:  According to plaintiffs' information and belief, many of these third-party ads were placed on the Pharmatext site by defendants Chitika and Clicksor. Chitika holds itself out to the public as "a proven channel for targeting on-line consumers and qualified buyers."  (See http://chitika.com/blog/about-us.)  Clicksor promises website owners to deliver "the most targeted and relevant online advertisements" for their sites  (see http://www.clicksor.com/publishers-solution) and promises advertisers that "the right ads are delivered to the right audience at the right time" (see http://www.clicksor.com/contextual-advertising-network.)  In effect, Chitika and Clicksor are placing ads on the Pharmatext site

because they believe that Pharmatext users – in other words, people seeking to obtain pirated copies of copyrighted books – are a target audience for particular advertisers.

**Answer to Paragraph No. 25:**   Chitika admits that the words "a proven channel for targeting on-line consumers and qualified buyers" appear on one of the pages on its website, http://chitika.com/blog/about-us, in which Chitika provides a general description of its business. Chitika denies Plaintiffs' characterizations of that statement and the inferences that Plaintiffs seek to draw from it.  Chitika denies that it had any knowledge or notice of the content of the Pharmatext site or that it presented ads that were targeted at people seeking allegedly infringing copies of books.  Further answering, Chitika states that it simply offers technology that presents a display ad on a publisher's website.  Chitika's technology selects the ad to display automatically, without human intervention, by means of a complex proprietary algorithm to present advertisements on a publisher's website, based upon many factors, including, among many others, information about the visitor to the website, terms entered into a search engine, and the words that appear on the publisher's website.  Chitika did not and does not have any knowledge or notice of whether a site contains allegedly infringing materials, and it does not have any mechanism by which it can determine whether a publisher's site contains allegedly infringing materials.  When publishers join Chitika's network, they expressly acknowledge that they have full responsibility for the content and operation of their sites, and they expressly represent that they do not contain any infringing or illegal content.  Publishers also expressly agree not to display Chitika's ads on pages with infringing material or with any third-party copyrighted content.  *See* Chitika's Terms and Conditions for Publishers (attached hereto as Exhibit A).  Chitika's network of publishers includes more than 100,000 sites.  It has no practical ability to police the content that appears on its publishers' sites, and Plaintiffs did not provide

Chitika with any notice of alleged infringement before filing this suit.  Chitka denies any remaining allegations in paragraph 25.

**Paragraph No. 26 of Complaint**:  Defendants Chitika and Clicksor received from advertisers all payments due for advertising on Pharmatext, and paid over to Pharmatext a share of those payments.

**Answer to Paragraph No. 26**:  Chitika admits that it receives payments from advertisers and admits that it made payments to Pharmatext in exchange for the right to display ads on the Pharmatext site.  Over approximately 29 months, from August 2008 through December 2010, those payments amounted to $513.93, or approximately $17.72 per month on average.  Chitika denies the remaining allegations in paragraph 26.

## CLAIMS

**Paragraph No. 27 of Complaint**:  Based on the facts described above, plaintiffs allege two counts of copyright infringement of Plaintiffs' Books, Count I being for *Development and Validation of Analytical Methods* and Count II for *Wiley Guide to Chemical Incompatibilities*. Plaintiffs' claims of infringement are identical with respect to each.

**Answer to Paragraph No. 27**:  Paragraph 27 of the Complaint does not contain any factual allegations but simply summarizes and characterizes Plaintiffs' claims of infringement, to which no response is required.  To the extent paragraph 27 requires a response, denied.

**Paragraph No. 28 of Complaint**:  The unauthorized delivery of copies of Plaintiffs' Books constitutes willful infringement of plaintiffs' copyrights.

**Answer to Paragraph No. 28**:  Denied.

**Paragraph No. 29 of Complaint:**  The unauthorized display of copies of the covers of Plaintiffs' Books constitutes willful infringement of plaintiffs' copyrights.

**Answer to Paragraph No. 29:**  Denied.

**Paragraph No. 30 of Complaint:**  Plaintiffs are informed and believe that many more titles belonging to them were at one time or another available in manner described above, and repeatedly and routinely delivered for free to users of Pharmatext.

**Answer to Paragraph No. 30:**  Chitika lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies them.

**Paragraph No. 31 of Complaint:**  Defendant Saggi is directly liable for the infringement carried out via Pharmatext.

**Answer to Paragraph No. 31:**  The allegations in paragraph 31 are not directed to Chitika, and thus no response is required.  To the extent paragraph 31 requires a response, denied.

**Paragraph No. 32 of Complaint:**  Defendant WPPS is vicariously liable for the infringement carried out via Pharmatext because it controls the domain name www.pharmatext.org and received a direct financial benefit from doing so.

**Answer to Paragraph No. 32:  :**  The allegations in paragraph 32 are not directed to Chitika, and thus no response is required.  To the extent paragraph 32 requires a response, denied.

**Paragraph No. 33 of Complaint:**  By placing ads on the Pharmatext site in the manner described above, Chitika directly profited from the infringement carried out through Pharmatext.

Furthermore, it enabled Pharmatext to stay in the infringement business by supplying it with income.  Chitika is thus liable for contributory infringement of Plaintiffs' Books.

      **Answer to Paragraph No. 33**:  Denied.

      **Paragraph No. 34 of Complaint**:  By placing ads on the Pharmatext site in the manner described above, Clicksor directly profited from the infringement carried out through Pharmatext.  Furthermore, it enabled Pharmatext to stay in the infringement business by supplying it with income.  Clicksor is thus liable for contributory infringement of Plaintiffs' Books.

      **Answer to Paragraph No. 34**:  The allegations in paragraph 34 are not directed to Chitika, and thus no response is required.  To the extent paragraph 34 requires a response, denied.

      **Paragraph No. 35 of Complaint**:  Plaintiffs have suffered substantial monetary harm from the infringement described herein. They will continue to suffer monetary harm if such infringement is permitted to resume.  In addition, if Pharmatext's infringement resumes plaintiffs will suffer irreparable ongoing injury from, *inter alia*, loss of control of the dissemination of their copyrighted works.

      **Answer to Paragraph No. 35**:  Denied.

## DEFENSES

### First Defense

Plaintiffs' Complaint fails to state any legally cognizable claim against Chitika.

### Second Defense

Chitika has not infringed, does not infringe (either directly or indirectly), and is not liable for any infringement of any valid copyright or copyright rights of Plaintiffs, including, without limitation, any copyright rights in the Plaintiffs' Books.

### Third Defense

Chitika has not engaged in purposeful, culpable conduct designed or intended to result in others infringing any valid copyright of Plaintiffs.

### Fourth Defense

Plaintiffs' Complaint fails to allege any direct copyright infringement, and therefore Chitika cannot be secondarily liable for copyright infringement.

### Fifth Defense

To the extent that Plaintiffs' Complaint has alleged any infringing conduct by third parties, Chitika did not contribute to such infringement and therefore is not liable for it.

**Sixth Defense**

To the extent that Plaintiffs' Complaint has alleged any infringement, such infringement was committed without the knowledge of Chitika, by third parties over whom Chitika does not have control and for whom Chitika is not responsible.

**Seventh Defense**

Plaintiffs' claims are barred because the conduct on which the claims are based occurred outside the territorial limits of the United States such that United States copyright law is not applicable.

**Eighth Defense**

Pursuant to 17 U.S.C. § 505, Chitika is entitled to recover its costs and attorneys' fees incurred in defending against Plaintiffs' claims.

**Reservations of Defenses**

To the extent that Chitika has not pleaded certain defenses, it reserves the right to add additional defenses pending further investigation and discovery.

WHEREFORE, Chitika respectfully requests that the Court (i) enter judgment in Chitika's favor in all respects; (ii) award Chitika its costs and expenses (including reasonable attorneys' fees), pursuant to 17 U.S.C. § 505; and (iii) grant Chitika such other and further relief as the Court deems just and proper.

Respectfully submitted,

CHITIKA, INC.

By their attorneys,

/s/ Edward J. Naughton
Edward J. Naughton (BBO#600059)
Steven Veenema (BBO# 672097)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
enaughton@brownrudnick.com
sveenema@brownrudnick.com

Dated:      May 27, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 27th day of May, 2011.

/s/ Edward J. Naughton
Edward J. Naughton

17